UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERTA SMITH, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK PIZZELLA,[1] <br><br> Defendant. | CASE NO. C18-0788JLR <br><br> ORDER |

Before the court is Defendant Patrick Pizzella's motion to stay the trial date and certain pretrial dates. (Mot. (Dkt. # 39).) Plaintiff Alberta Smith has filed a response opposing the motion. (Resp. (Dkt. # 40).) The court has considered Defendant's motion, the parties' submissions in support of and in opposition to the motion, the relevant

//

//

---

[1] Patrick Pizzella is now the Acting Secretary of the U.S. Department of Labor. Therefore, he is automatically substituted for R. Alexander Acosta as the proper defendant in this action under Federal Rule of Civil Procedure 25(d).

ORDER - 1

portions of the record, and the applicable law.  Being fully advised, the court DENIES Defendant's motion for the reasons set forth below.

Plaintiff initiated this action on March 30, 2018.  (Compl. (Dkt. # 1).)  On August 27, 2018, the court scheduled this case for trial on December 9, 2019, and set the dispositive motions deadline for September 10, 2019—90 days before trial.  (Sched. Order. (Dkt. # 14) at 1.)  In accordance with this schedule, Defendant filed a motion for summary judgment on September 10, 2019, that is noted for consideration on October 4, 2019.  (MSJ (Dkt. # 36).)

On September 12, 2019—more than three weeks before the noting date on Defendant's motion for summary judgment—Defendant filed the current motion.  (*See generally* Mot.)  Defendant requests that the court stay its scheduling order and bring a halt to this case while Defendant's motion for summary judgment remains pending.  (Mot. at 1.)  Defendant alleges that good cause exists for such a stay because Defendant's motion could alter the landscape of this case if granted in whole or in part, and "[t]he Court will need sufficient time to consider the motion, Plaintiff's opposition, and Defendant's reply."  (*See id.* at 2.)  Defendant also alleges that the parties face "significant work" on upcoming pretrial tasks and will have "no realistic way" to narrow that work absent guidance from the court on its pending motion.  (*See id.* at 3.)  Finally, Defendant notes that the parties will engage in mediation in the coming weeks and argues that the deadlines in the case should be continued so that the parties' "efforts can be focused on settlement discussions."  (*See id.*)

//

In response, Plaintiff points out that this court set the schedule at the beginning of this litigation and that the good cause alleged by Defendant—"the need to prepare for trial while awaiting the outcome of a dispositive motion"—is little more than "the circumstance faced by *every* litigant when such a [summary judgment] motion is filed on [the dispositive motions deadline]." (*See* Resp. at 1.)  Plaintiff also claims that Defendant could have filed its motion for summary judgment earlier had its concerns about pretrial inefficiencies been sincere. (*See id.* at 2.)  Finally, Plaintiff disputes Defendant's claim that neither party will be prejudiced if the case schedule is stayed because the Plaintiff is "eager to have her day in court and put this matter behind her." (*See id.*)

Defendant's request is not well taken.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); (*see also* Sched. Order at 2 ("The court will alter these dates only upon good cause shown . . . .").)  At bottom, Defendant's only alleged "good cause" for staying this case indefinitely is that Defendant filed a motion for summary judgment and the parties have an upcoming mediation. (*See* Mot. at 1-3.)  That falls woefully short of meeting Rule 16's good cause standard.

First, it is well established that upcoming settlement negotiations do not constitute good cause.  *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in [and] of themselves, arise to good cause for modifying a scheduling order.").  Second, the fact that Defendant filed a summary judgment motion is not enough to meet the good cause threshold.  It should come as no surprise to Defendant

that the court sets the dispositive motions deadline at a date that will give the court sufficient time to decide timely-filed dispositive motions. If all a party needed to do to establish "good cause" to stay a case was file a motion for summary judgment, then pretrial deadlines would be upended any time a party moved for summary judgment. Nothing in Defendant's motion to stay explains why his motion for summary judgment is special or why he should be treated differently than all the other litigants who file summary judgment motions. (*See generally* Mot.) Absent any such explanation, the court finds there is no good cause to stay pretrial deadlines and the trial date.

Defendant's motion to stay the trial date and certain pretrial dates (Dkt. # 39) is DENIED.

Dated this 30th day of September, 2019.

JAMES L. ROBART
United States District Judge